[No. 3379. Aug. 21, 1928.]

## DEVINE v. BOARD OF EDUCATION OF MUNICIPAL SCHOOL DIST. NO. 2.

[270 Pac. 798.]

W. G. Haydon, of East Las Vegas, for appellant.

C. W. G. Ward, of East Las Vegas, for appellee.

OPINION OF THE COURT

PARKER, C. J.   School district No. 2 of San Miguel county, New Mexico, initiated and carried forward the proceedings prescribed by statute relative to the issuance of serial coupon bonds of the district in the amount of $40,000, for the purpose of erecting and furnishing a school building in the district.   Notice of the sale of said bonds was published, and at the time of opening the bids that of Morris Mather & Co., of Chicago, Ill., was accepted, and the delivery of the bonds was made to the purchaser on July 1, 1928.   Subsequently the plaintiff and appellant brought suit in the district court of San Miguel county to enjoin the school district from using the money derived from the sale of the bonds for the purpose for which it was intended.   Nine grounds of illegality were set forth in the complaint in the district court.   The first six involved questions of fact, all of which were resolved by the district court in favor of the defendant school district.   While the plaintiff excepts as to all of the findings of the court, the questions of fact have been fully decided by the court below upon evidence and stipulation, and three points only are presented to this court for review.

1.   It is argued that the notice published of the sale of the said bonds was legally insufficient.   It appears from the record that there was published in the Wall Street Journal, a financial newspaper published in the city of New York, and in the Las Vegas Optic, a newspaper of general circulation throughout the county of San Miguel, on May 22 and 29 and June 5 and 12, 1928, a notice of the time and place of sale of the said bonds to be made on June 22, 1928.   The same notice in Spanish was published

in the San Miguel County Star in its issues of May 25 and June 2, 9, and 16, 1928. The statutory requirement as to publication of the notice in cases of this kind is contained in section 6 of chapter 139, Laws 1927, and is as follows:

"The county treasurer shall offer such·bonds for sale after publication of notice of the time and place of sale, in a newspaper of general circulation throughout the county in which issued, and also in one financial newspaper published in the city of New York, once each week for four consecutive weeks next prior to the date fixed for such sale."

A proper construction of this statute will solve the question. It appears that the last insertion of. the notice in English was 10 days before the day set. for the sale, and it is therefore argued that a literal compliance with the statute was for this reason not had. We do not so understand the statute. In a case of this kind, where a notice of the time and place of sale is published in a weekly newspaper, it is a publication for the entire week following the date of publication. For example: The notice which was published on the 12th of June was a publication during the week from the 12th to the 19th of June, leaving only three days intervening between the last week's publication and the day of sale. Publication on the 19th of June could not be held to be required by this statute, because that would be a publication within the week in which the day of sale is appointed. A publication under this statute is required to be made for four weeks prior to the day fixed for the sale, and not during the week in which the day of sale is included.

A similar question was considered in Davy v. McNeill et al., 31 N. M. 34, 240 P. 482. In that case the statute required:

"The notice shall be published for three successive weeks in a newspaper published in the county where the office of the district is situated." Laws 1919, c. 41, § 51.

This court held in that case that the requirements of the statute were met by three successive publications prior to. the action proposed to be taken. The question in the case at bar is rather the converse of the question discussed in the Davy Case, but the determination in the latter case

is not in conflict with the conclusion which we have here announced. The district court held that the notice was valid and sufficient, and in this it was correct.

Two other questions of minor importance are raised, but there is no merit in either of them. The first is as to who, whether the city council or the board of education, should authorize the issue of the bonds. In this case the question cannot be raised, because both of these bodies authorized the action taken. The second proposition is that, although the bonds were admittedly issued on July 1, 1928, the last day upon which they could be legally delivered, they were delivered to the Meadow City Bank, admittedly the authorized agent of the purchaser, and were delivered in mimeographed form, and not lithographed as is usual in such cases. This objection is too trivial to require discussion, and is dismissed without further comment.

The district court resolved all of these questions in favor of the validity of the bonds, and in this it was correct, and the judgment of the district court will be affirmed, and the cause remanded; and it is so ordered.

BICKLEY and WATSON, JJ., concur.